# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 20, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MOISES ZUNIGA, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 22-1345V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

<u>Ivo Austin</u>, Steigmann Law, P.C., Savoy, IL, for Petitioner.
<u>Kimberly Shubert Davey</u>, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On September 21, 2022, Moises Zuniga ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging he developed Guillain-Barré syndrome ("GBS") after receipt of an influenza ("flu") vaccination on September 24, 2019. Petition at Preamble (ECF No. 1); Petitioner's Exhibit ("Pet. Ex.") 3 at 1. On September 5, 2023, the undersigned issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated Sept. 5, 2023 (ECF No. 35). A decision based on proffer issued on December 3, 2024. Decision Awarding Damages Based on Proffer dated Dec. 3, 2024 (ECF No. 72).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On June 2, 2025, Petitioner filed a motion for attorneys' fees and costs.  Petitioner's Motion for Final Award of Attorneys' Fees and Costs ("Pet. Mot."), filed June 2, 2025 (ECF No. 76).  Petitioner requests compensation in the amount of $38,861.50, representing $36,717.10 in attorneys' fees and $2,144.40 in costs.  Id. at 3.  Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation.  Id. at 3.  Respondent filed his response on June 3, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed June 3, 2025, at 2 (ECF No. 77).  Petitioner did not file a reply.  The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Ivo Austin, $336.00 per hour for work performed in 2022, $354.00 per hour for work performed in 2023, and $407.00 per hour for work performed in 2024.  Petitioner also requests the following rates for work of their counsel's paralegal, Ms. Kristen Verchota: $153.00 per hour for work performed in 2022, $161.00 per hour for work performed in 2023, and $170.00 per hour for work performed in 2024.

Neither Mr. Austin nor Ms. Verchota have been previously awarded fees in a Vaccine Program case.  And as such, Mr. Austin and Ms. Verchota requested hourly rates at the bottom-end of the OSM fees schedule for each year.  The undersigned finds the requested rates reasonable and appropriate and will award them in full.  The undersigned also finds no cause to reduce the requested hours.

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and largely supported with appropriate documentation.  A small reduction of costs is required due to lack of documentation for two items.  See Pet. Mot., Exhibits D-E.  As such, Petitioner is awarded $2,094.75 in costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $38,811.85, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

3

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master